I am signing the original of this memorandum, which may be attached to the original of the opinion, showing my concurrence.

**GOVERNMENT OF GUAM, Appellee**

**v.**

**SEBASTIAN B. MALAKI, Appellant**

Criminal No. 10-A

District Court of Guam

Appellate Division

May 3, 1957

| Counsel for Appellee: | W. SCOTT BARRETT, *Deputy Island Attorney* |
| Counsel for Appellant: | E. R. CRAIN |

Before McLAUGHLIN and WIIG, *United States District Judges* and SHRIVER, *United States Judge*, District Court of Guam

PER CURIAM

### OPINION

The appellant was convicted in the Island Court of Guam of the offense of contributing to the delinquency of a minor

---

1950). The President may, in his discretion, place in operation all or some of the provisions of this Act (this chapter) if practicable before the expiration of the period of one year."

in violation of Section 273 (a) of the Penal Code of Guam. He contends on appeal that his conviction was based on the uncorroborated testimony of an accomplice in violation of Section 1111 of the Penal Code of Guam, which section provides:

> A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.

We need not reach the question as to whether a minor, while engaged in a joint criminal enterprise with an adult, may be an accomplice within the meaning of Section 1111. This case involves a minor who was the victim of an adult and it would be strange indeed if the victim of these crimes of secrecy and darkness could be considered an accomplice.

The trial court took the case under advisement and thereafter filed its findings. Judgment including the sentence immediately followed. We are advised that the appellant was not present at the time of sentence, but this was not assigned as error. Also appellant's counsel informed this court that his client, since his conviction and while this appeal has been pending, has left the jurisdiction and is now in the Philippines. The trial court, however, is reminded that under Rules Regulating Practice in Criminal cases before the Island Court of Guam the defendant has a right to be present at the time of sentence. Rule 17 provides that the defendant has the right to be present at the arraignment, at every stage of the trial and at the imposition of sentence unless he voluntarily absents himself. Rule 14 (a) provides that before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment.

No one of the assigned errors having merit the conviction is affirmed.